Christopher E. Hawk, OSB #061635
Chris.Hawk@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: (971) 712-2800
*Attorneys for Plaintiff, Rose City Baseball, LLC*

Brent H. Blakely (prospective *pro hac vice* counsel)
bblakely@blakelylawgroup.com
Tara A. Currie (prospective *pro hac vice* counsel)
tcurrie@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
*Attorneys for Plaintiff, Rose City Baseball, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| **ROSE CITY BASEBALL, LLC, an Oregon Company, d/b/a THE PORTLAND PICKLES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DISNEY ENTERPRISES, INC., a Delaware Corporation; and the WALT DISNEY COMPANY, a Delaware Corporation; and DOES 1-10, inclusive,**<br><br>**Defendants.** | **CASE NO:**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |



**LEWIS BRISBOIS BISGAARD & SMITH LLP**
**888 SW Fifth Avenue, Suite 900**
**Portland, Oregon 97204-2025**
**Telephone: 971.712.2800 • Fax 971.712.2801**

Plaintiff Rose City Baseball, LLC ("Rose City Baseball" or "Plaintiff") d/b/a Portland Pickles Baseball for its claims against Defendants Disney Enterprises, Inc. and The Walt Disney Company; (hereinafter collectively "Disney" or "Defendants") respectfully alleges as follows:

1. Plaintiff files this action against Defendants for trademark infringement, and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims under the laws of the state of Oregon. This Court has subject matter jurisdiction over the federal trademark infringement and unfair competition claims under 28 U.S.C. §§1121(a), 1331, and 1338(a).

2. This Court has subject matter jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367, because those claims are related to and arise from the same set of facts as Plaintiff's Lanham Act claims.

3. This Court has personal jurisdiction over Defendants because Defendants do business in this judicial district.

4. This action arises from wrongful acts by Defendants within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

**THE PARTIES**

5. Plaintiff Rose City Baseball, LLC ("Rose City Baseball" or "Plaintiff") d/b/a Portland Pickles Baseball is a company duly organized and existing under the laws of the state of Oregon with its principal place of business located at 4715 SE 92ND Avenue, Portland, Oregon 97266. Rose City Baseball is engaged in the business of designing, producing, manufacturing and distributing throughout the United States, including within this judicial district, memorabilia, apparel and collectibles under its federally registered trademarks.

6. Upon information and belief, Defendant Disney Enterprises, Inc. is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business located at 500 South Buena Vista Street, Burbank, California 91521.

7. Upon information and belief, Defendant Walt Disney Company is a corporation duly



**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

organized and existing under the laws of the state of Delaware, with its principal place of business located at 500 South Buena Vista Street, Burbank, California 91521.

8. Rose City Baseball is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Rose City Baseball will seek leave to amend this complaint when their true names and capacities are ascertained. Rose City Baseball is informed and believes, and based thereon alleges, that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

9. Rose City Baseball is informed and believes, and based thereon alleges, that at all relevant times herein, Defendants and DOES 1-10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Rose City Baseball further alleges that Defendants had a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. Plaintiff's Merchandise, Iconic Mascot, and National Brand

10. Plaintiff has been engaged in the design, development, production, manufacture, distribution, marketing and sale of memorabilia and athletic gear since 2016.

11. Since its inception, Plaintiff has used its federally registered trademarks (U.S. Reg. No. 5,623,842 and U.S. Reg. No. 5,597,149; (hereinafter "Pickles Marks" or "Marks") as a source-identifier for its products. The Pickles Marks, set forth below, are incontestable.



**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801







12. This is a classic case of David vs. Goliath. Plaintiff Rose City Baseball is a grassroots organization that has grown into a nationally recognized cultural force. Founded in Portland, Oregon, the Pickles baseball team began as a local summer league club and quickly captured the hearts of fans not just in the city, but across the country and beyond. With a commitment to community, creativity, and fun, the Pickles have built an identity rooted in homegrown baseball and fueled by a passionate following.

13. Dillon the Pickle, the eponymous embodiment of Rose City Baseball's marks, has been delighting fans since 2015:



**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801




Quirky, lovable, and distinctive, the character embodies the values and voice of the team and serves as the living symbol of its federally registered trademarks. As evidenced by his 30,895 Instagram followers and the images below, the Pickles' beloved crowd pleaser has become an icon that brings mass appeal to every Pickles Product on which he has appeared.














**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801







14. Today, the Pickles are a flagship franchise in the West Coast League, a summer collegiate baseball league known for developing elite talent and showcasing rising stars. But more than that, the team has become a cultural phenomenon, celebrated for its originality and reach well beyond Oregon. The Pickles Marks have been prominently displayed on a wide range of high-quality merchandise including jerseys, t-shirts, sweatshirts, hats, and other apparel and memorabilia that have become fixtures at games and throughout the community. These distinctive marks, particularly the playful pickle logo, are strategically featured on clothing and memorabilia.

15. The Pickles brand has been featured in national media, late night talk shows, and worn by fans in every U.S. state and dozens of countries. Over the past decade, Pickles merchandise has become a fixture not only at ballgames but at festivals, record stores, and streetwear shops from Los Angeles to Mazatlan. Fans enthusiastically purchase and wear these branded items specifically to show their support for and affiliation with the baseball team, creating a visible presence that reinforces the team's unique identity.

16. In February 2024, the Pickles made a major leap into the media space with the release of a behind-the-scenes documentary, “Pickles, Pickles, Pickles”, broadcast on MLB Network, reaching millions of baseball fans nationwide.



**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801







The success of the documentary has laid the groundwork for future film, television, and streaming projects, marking an exciting new chapter in the team's evolution as both a sports and lifestyle brand.

17. In a city where "Keep Portland Weird" serves as an unofficial motto, the Pickles and their distinctive Dillon character have succeeded in establishing marks that resonate with fans precisely because they capture the playful, unconventional spirit that team supporters value. The widespread adoption of team merchandise bearing these marks demonstrates how thoroughly Dillon the Pickle has been embraced as the beloved mascot and exclusive symbol of the Pickles baseball organization. Community members of all ages recognize the whimsical pickle imagery as the distinctive identifier of the team and its official products, fostering team spirit and cultivating a dedicated fan base that appreciates the team's distinctive character.

18. The Pickles are no longer just a beloved local team—they're a growing voice in America's baseball and media landscape. Plaintiff's Pickles products are available to consumers for purchase on its website, www.PickleShop.com and in stores.

**B. Disney's Infringement**

19. Against this backdrop, Defendants—led by global media giant The Walt Disney Company—have released a new animated series, *Win or Lose*, on Disney+, which centers around a co-ed softball team named *The Pickles*. In connection with the show, Defendants have developed, marketed, and sold merchandise bearing logos and themes that are substantially and confusingly



LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

similar to Plaintiff's Pickles Marks.

20. Upon information and belief, Defendants are engaged in the retail sale of these infringing products (hereinafter, "The Accused Products"). The Accused Products are available in large retail stores nationwide, including within this judicial district, and can also be purchased online at major retailers including www.target.com (the "Target Website") and www.amazon.com ("the Amazon Website"), which are both accessible to consumers nationwide. Sample Accused Product tee shirts are provided below:










Men's Win or Lose Pickles Peaks Valley Graphic T-Shirt, Size: Large, Beige

**$12.99**

Walmart

Men's Win Or Lose Pickles Peaks Valley Graphic Tee, Size: Large, Athletic...

**$24.99**

Kohl's

90-day returns




Men's Win or Lose Pickles Peaks Valley T-Shirt - Beige - Large

**$18.99**

Target

Get it by 4/30

Free 90-day returns



**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

21. The present lawsuit arises from the Defendants' willful infringement of Plaintiff's Pickles Marks in connection with their advertisement, offer for sale, and sale of the Accused Products.

22. Defendants have never been authorized or licensed by Plaintiff to use the Pickles Marks or anything confusingly like them. Yet they have moved forward with full knowledge that the Pickles brand already exists—and is protected. On information and belief, Disney's actions were not only intentional but brazen, leveraging their outsized market power to appropriate a brand identity with a decade of goodwill and fan devotion behind it. Defendants' actions amount to clear trademark infringement.

23. The Disney Defendants' enormous market presence and vast promotional capabilities threaten to overwhelm Plaintiff's established Pickles Marks through their use and sale of Accused Products bearing confusingly similar marks. As Disney widely distributes and promotes these products through extensive retail channels, consumers familiar only with Disney's version will likely encounter Plaintiff's authentic Pickles merchandise and mistakenly believe that Plaintiff is affiliated with, sponsored by, or somehow connected to Disney. This threatens to significantly damage Plaintiff's brand identity and control over its' Marks, as Disney's overwhelming market power and advertising resources effectively drown out Plaintiff's established presence in the marketplace.

24. The resulting reverse confusion is substantially harming Plaintiff by undermining Plaintiff's ability to distinguish its products in the marketplace and by creating the false impression that Plaintiff's genuine Pickles products are unauthorized versions of Disney's offerings. This confusion directly threatens to erode the goodwill and consumer recognition that Plaintiff has cultivated through years of consistent and distinctive use of their marks on high-quality baseball merchandise, ultimately damaging their commercial reputation and control over their brand identity.

25. This confusion is not hypothetical. Plaintiff has and continues to receive numerous inquiries from confused consumers asking whether they have entered into a collaboration and/or licensing agreement with Disney, or are otherwise affiliated with Disney in connection with Disney's popular animated series "Win or Lose." Plaintiff has received numerous messages from confused



**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

consumers asking whether Pickles had partnered with Disney or sold their rights.

26. These direct communications from customers demonstrate actual confusion in the marketplace, with consumers explicitly questioning the relationship between Plaintiff and Disney after encountering Disney's accused products. Each of these moments represents a tear in the fabric of Plaintiff's brand integrity, reputation, and control.

27. Such real-world evidence of confusion underscores the significant risk that consumers have and continue to mistakenly believe Plaintiff's authentic Pickles merchandise is connected to, sponsored by, or affiliated with the Disney Defendants well-known entertainment properties, further eroding Plaintiff's independent brand identity and control over their distinctive marks in the marketplace.

28. Disney's conduct threatens to overshadow years of grassroots growth, community engagement, creative expression, and national expansion. It undermines the Pickles' ability to operate in media, licensing, and merchandising with confidence, and sets a dangerous precedent that no matter how successful a small brand becomes, it is vulnerable to appropriation by the world's largest media companies.

29. Plaintiff has invested substantial time, energy, and capital into building a brand that resonates with fans, families, athletes, artists, and creators alike. That brand is now at risk of being diluted and devalued—not because of poor business decisions or market shifts, but because Disney thought the name "Pickles" was catchy, and used it without regard for the real people and real community it represents.

30. Upon information and belief, at all times relevant hereto, Defendants have had full knowledge of Plaintiff Rose City Baseball's ownership of the Pickles Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

31. Upon information and belief, Defendants have engaged in the infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights for the purpose of trading off the goodwill and reputation of Plaintiff.

32. If Defendants' willful infringing activities are not preliminarily and permanently



**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

enjoined by this Court, Rose City Baseball and the consuming public will continue to be damaged.

## FIRST CLAIM FOR RELIEF

**(Federal Trademark Infringement, 15 U.S.C. § 1114)**

33. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

34. The Pickles Marks are nationally recognized, including within this judicial district, as being affixed to goods and apparel as identifying Plaintiff.

35. The registrations embodying the Pickles Marks are in full force and effect, incontestable, and have never been abandoned.

36. Defendants' infringing activities, as set forth above, are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of Disney Defendants' goods or services and falsely mislead consumers into believing that the Disney Defendants' products originate from; are affiliated or connected with Plaintiff, or are licensed, sponsored, authorized, approved by, or sanctioned by Plaintiff; or that Plaintiff controls the quality of Defendants' products.

37. Defendants' infringing use of the Pickles Marks is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights to control its reputation and intellectual property.

38. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that the Pickles have produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiff.

39. The Disney Defendants' activities are likely to cause confusion between Plaintiff's Pickles Marks and Defendants' Accused Products. This confusion can take the form of initial interest, point of sale, and post-sale, resulting in both forward and reverse confusion.

40. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Plaintiff and reap the benefit of Plaintiff's goodwill associated with its brand and trademarks.



**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

41. As a direct and proximate result of Defendants' infringing activities, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing the Pickles Marks.

42. Plaintiff has no adequate remedy at law.

43. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Accused Products, or using any marks identical and/or confusingly similar to the Pickles Marks, for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a) and attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b).

**SECOND CAUSE OF ACTION**

**(False Designation of Origin and Unfair Competition – 15 U.S.C. § 1125(a))**

44. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

45. Defendants' infringing activities, as set forth above, are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of Plaintiff's goods and services or Defendants' goods and services and falsely mislead consumers into believing that Defendant Disney's products originate from Plaintiff; are affiliated or connected with Plaintiff; or are licensed, sponsored, authorized, approved by, or sanctioned by Plaintiff; or that Plaintiff controls the quality of Defendants' products.

46. Defendants' activities are also likely to cause reverse confusion, leading consumers to believe that the Disney Defendants are the senior user, and that Plaintiff is improperly using, copying and/or infringing on Defendants' intellectual property.

47. Defendants' use of the Accused Marks is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights.

48. Rose City Baseball has been irreparably damaged by the Disney Defendants' unfair



**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

competition and misuse of the Portland Pickles Marks.

49. Plaintiff has no adequate remedy at law.

50. Defendants' egregious conduct in selling infringing merchandise is willful and intentional.

51. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Pickles Marks, or any trademarks identical and/or confusingly similar to the Pickles Marks, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

**THIRD CAUSE OF ACTION**
**(Common Law Trademark Infringement)**

52. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

53. Plaintiff owns and enjoys common law trademark rights in the Pickles Marks throughout the United States, including but not limited to in the state of Oregon.

54. The Disney Defendants' infringing activities in appropriating rights in Plaintiff's common law trademarks are intended to capitalize on Plaintiff's goodwill for the purpose of Defendants' own pecuniary gain. Rose City Baseball has expended substantial time, resources and efforts to obtain an excellent reputation for its Pickles brand. As a result of Plaintiff's efforts, Defendants are now unjustly enriched and are benefitting from intellectual property rights that rightfully and exclusively belong to Plaintiff.

55. Defendants' infringing use of the Pickles Marks is without Rose City Baseball's permission or authority and in total disregard of Plaintiff's rights to control its reputation and intellectual property.

56. Defendants' unauthorized use of the Pickles Marks has caused and is likely to cause confusion as to the source of Defendants' goods and/or services, all to the detriment of Plaintiff.

57. The Disney Defendants' activities are also likely to cause reverse confusion, leading



**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

consumers to believe that the Disney Defendants are the senior user, and that Plaintiff is improperly using, copying and/or infringing on The Disney Defendants' intellectual property.

58. Defendants' acts are willful, deliberate, and intended to confuse the public and/or injure Plaintiff.

59. Plaintiff has been irreparably harmed and will continue to be irreparably harmed because of Defendants' aforementioned infringing activities, unless Defendants are permanently enjoined by this Court.

60. Said conduct continues to be inflicted on Plaintiff and violates Plaintiff's common law trademark rights in the Pickles Marks. Said conduct was and continues to be harmful to Plaintiff, and as such Plaintiff is entitled to the assessment of increased and punitive damages against Defendants, in an amount to be determined at the trial of this action.

**FOURTH CAUSE OF ACTION**

**(Common Law Unfair Competition)**

61. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

62. The Disney Defendants' appropriation, adoption and use of the Pickles Marks and/or the Accused Products constitutes unfair competition in violation of the common law of the state of Oregon.

63. Plaintiff hereby alleges that Defendants are competitors of Plaintiff and have introduced their Accused Products into the stream of commerce to exploit Plaintiff's Marks.

64. The Disney Defendants' infringing acts were intended to capitalize on the goodwill associated with the Pickles Marks for Defendants' own pecuniary gain. Plaintiff Rose City Baseball has expended substantial time, resources and effort in creating and developing the Pickles brand. As a result of Plaintiff's efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Plaintiff.

65. The Disney Defendants' activities are also likely to cause reverse confusion, leading consumers to believe that the Disney Defendants are the senior user, and that Plaintiff is improperly



**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

using, copying and/or infringing on Defendants' intellectual property.

66. Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Plaintiff.

67. Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused, and which will continue to be caused by Defendants' infringing conduct, unless it is enjoined by this Court.

68. The conduct complained of herein was extreme, outrageous, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights. Said conduct was despicable and harmful to Plaintiff and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants, and to deter them from similar conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Rose City Baseball, LLC respectfully prays that this Court enter judgment in its favor and against Defendants Disney Enterprises, Inc., and The Walt Disney Company, as follows:

1. A judgment that Defendants have infringed the Pickles Marks and that said infringement was willful;

2. An order granting permanent injunctive relief restraining and enjoining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them from infringing upon the Pickles Marks, including, but not limited to:

a. seeking to register or maintaining any application or registration for and/or related to the Accused Marks, and all pending applications or any registration resulting therefrom be withdrawn or abandoned with prejudice;

b. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the good and/or services that bear the Accused Marks, or any other trademarks identical and/or confusingly similar thereto;

c. engaging in any other activity constituting unfair competition with Plaintiff, or



**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations owned by or associated with Plaintiff; and

d. committing any other act which falsely represents, or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Plaintiff;

3. Ordering Defendants to recall from any distributors and retailers and to deliver to Plaintiff for destruction or other disposition all remaining inventory of all goods bearing the Accused Marks, as well as related items, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

4. Ordering Defendants to file with this Court and serve on Plaintiff within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

5. Ordering an accounting by Defendants of all gains, profits and advantages derived from its wrongful acts pursuant to 15 U.S.C. § 1117(a);

6. Awarding Plaintiff all of Defendants' profits and all damages sustained by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate;

7. Awarding enhanced damages in the Court's discretion as a result of Defendants' willful infringement;

8. Finding that this is an exceptional case under 15 U.S.C. § 1117 and awarding attorneys' fees there under;

9. Awarding applicable interest, costs, disbursements and attorneys' fees;

10. Awarding Plaintiff punitive damages in connection with its claims under Oregon law; and

11. Such other relief as may be just and proper.



**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

Dated: May 7, 2025

/s/Christopher E. Hawk

Christopher E. Hawk, OSB #061635
Chris.Hawk@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, OR 97204-2025
971.712.2800

*Attorneys for Plaintiff, Rose City Baseball, LLC*

/s/Brent H. Blakely

Brent H. Blakely (prospective *pro hac vice* counsel)
bblakely@blakelylawgroup.com
Tara A. Currie (prospective *pro hac vice* counsel)
tcurrie@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, CA 90266
Telephone: (310) 546-7400

*Attorneys for Plaintiff, Rose City Baseball, LLC*

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Rose City Baseball, LLC hereby demands a trial by jury as to all claims in this litigation.



**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801